## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

MILLENTINE COATES,                             CASE NO.:  3:18-cv-35

    Plaintiff,

vs.

FORD MOTOR COMPANY and
XYZ CORPORATION,

    Defendants.
_____/

### DEFENDANT FORD MOTOR COMPANY'S
### NOTICE OF REMOVAL

Defendant, Ford Motor Company ("Ford"), by and through its undersigned counsel, hereby gives notice that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, it has removed the above-entitled action from the Superior Court of the Virgin Islands, Division of St. Thomas and St. John, to the United States District Court of the Virgin Islands, Division of St. Thomas and St. John.  The grounds for removal are as follows:

1.    Plaintiff Millentine Coates ("Plaintiff") commenced this civil action by filing the Complaint in the Superior Court of the Virgin Islands, Division of St. Thomas and St. John, on March 12, 2018.  The case was styled by the Clerk of Court as *Millentine Coates v. Ford Motor Company,* Case No. ST-18-CV-140.  (*See* Complaint, attached as **Exhibit A**.)

2.    This removal is timely.  Plaintiff served the Complaint upon Ford on May 7, 2018. (*See* Summons, attached as **Exhibit B**.)  Therefore, this Notice of Removal is timely filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based".  28 U.S.C. § 1446(b)(1); *see also, e.g., Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.,* 526

U.S. 344 (1999) (removal deadline triggered by receipt of formal service). Pursuant to a thirty day extension granted by Plaintiff's counsel, Ford has not yet answered or otherwise responded to the Complaint.

3. The United States District Court of the Virgin Islands, Division of St. Thomas and St. John, is the proper venue for removal under 28 U.S.C. § 1441(a) because it is "the district and division embracing the place where such action is pending", namely, the Superior Court of the Virgin Islands, Division of St. Thomas and St. John. *See Heft v. AAI Corp.*, 355 F. Supp. 2d 757 (M.D. Pa. Jan. 24, 2005), citing *Hollis v. Fla. State Univ.*, 259 F.3d 1295 (11th Cir. 2001) ("a properly removed action necessarily fixes venue in the district where the state court action was pending"). In addition, the acts complained of in Plaintiff's Complaint occurred, upon information and belief, in St. Thomas, U.S. Virgin Islands, which is within the geographical boundaries of this Division. (Compl. ¶ 10).

4. Pursuant to 28 U.S.C. § 1446(d), written notice of this removal will be filed with the Clerk of the Superior Court of the Virgin Islands, Division of St. Thomas and St. John, and Ford will serve a copy of the Notice of Removal on all parties to this case.

5. By filing this Notice, Ford does not waive its right to assert any defense or affirmative matter, including without limitation the defenses listed in Federal Rule of Civil Procedure 12(b) and any other procedural or substantive defenses available to Ford under state or federal law.

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

## I. DIVERSITY OF CITIZENSHIP

7. Complete diversity exists between the parties to this action. As alleged in the Complaint, at all times relevant, Plaintiff resided in St. Thomas, U.S. Virgin Islands. (Compl. ¶¶ 3, 6). Plaintiff is therefore a citizen of the U.S. Virgin Islands.

8. Ford is incorporated under the laws of the State of Delaware with its principal place of business in Michigan. Ford is therefore not a citizen of the U.S. Virgin Islands. *See* 28 U.S.C. § 1332(c)(1).

9. XYZ Corporation is a fictitious name for a corporation whose identity is presently unknown. (Compl. ¶ 5). The citizenship of a fictitious party is not considered when analyzing the parties' citizenship in any action removed on the basis of diversity of citizenship. *See* 28 U.S.C. § 1441(b)(1). Moreover, a removing defendant need not obtain a fictitious defendant's consent before removing the action. *See Balazik v. County of Dauphin*, 44 F.3d 209, 213 & n.4 (3d Cir. 1995).

10. Removal is appropriate because complete diversity of citizenship exists between the parties and Ford is not a citizen of the U.S. Virgin Islands, the jurisdiction in which this action was brought. *See* 28 U.S.C. § 1441(b)(2).

## II. AMOUNT IN CONTROVERSY

11. The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied. Under 28 U.S.C. § 1332(a), in a case where federal jurisdiction is based upon diversity of citizenship, the amount in controversy must exceed $75,000, exclusive of costs and interest.

12. On its face, Plaintiff's Complaint is silent as to the specific amount of damages sought. However, a reasonable interpretation of *all* the allegations of Plaintiff's claimed damages,

together with the Affidavit of Ford's counsel, Daryl C. Barnes, attached hereto as **Exhibit C**, satisfies the amount in controversy requirement for removal under 28 U.S.C. § 1332.

13. A determination of the amount in controversy "begins with a reading of the complaint." *Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007). "The allegations on the fact of the complaint control the amount in controversy unless it appears 'to a legal certainty the claim is really for less than the jurisdictional amount'…" *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961). Where the complaint is "open-ended" and does not allege a specified amount, the district court should perform its "own independent appraisal of the value of the claim." *Angus v. Shiley, Inc.*, 989 F.2d 142, 145-46 (3d Cir. 1993). In conducting its own appraisal, the district court may consider evidence presented with the defendant's notice of removal. *See Penn v. Wal-Mart Stores, Inc.*, 116 F. Supp. 2d 557, 562 (D.N.J. Sept. 29, 2000), citing, e.g., *Imperial Spirits, USA, Inc. v. Trans Marine Int'l Corp.*, 1999 U.S. Dist. LEXIS 9586, No. CIV.A. 98-5469(JWB) (D.N.J. Feb. 17, 1999).

14. Plaintiff's Complaint alleges that Plaintiff "required hospitalization for treatment of multiple injuries to her knees, ankles, her legs, and back" for which she "continues to undergo medical care and therapy". (Compl. ¶ 13). Plaintiff's Complaint further alleges that Plaintiff "has suffered severe and permanent injuries to her person, pain of the mind and body, loss of income and earning capacity, and has incurred and will continue to incur medical expenses." (Compl. ¶ 15). Moreover, in recent communications with Mr. Barnes, Plaintiff's counsel indicated that Plaintiff suffered a broken leg and other serious injuries as a result of the crash. (*See* Exhibit C). Accordingly, the jurisdictional amount in controversy for this Court is satisfied.

15. Because both of the requirements for federal diversity jurisdiction are satisfied, this case is removable to federal court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

16.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Ford are attached as Exhibits A and B.

WHEREFORE, Ford gives notice that this action is hereby removed from the Superior Court of the Virgin Islands, Division of St. Thomas and St. John, to the United States District Court of the Virgin Islands, Division of St. Thomas and St. John.

Date: June 6, 2018                                    Respectfully submitted,

BARNES & NEIL, LLP
1134 King Street, 2nd Floor
Christiansted, VI 00820
Tel: (340) 773-2785 / Fax: 773-5427


Dated: June 6, 2018                                   /s/Daryl C. Barnes, Esq.
                                                      DARYL C. BARNES, ESQ.; VI BAR NO. 336
                                                      *Attorneys for Defendant Ford Motor Company*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 6th day of June 2018, I caused a true and exact copy of the foregoing to be filed with the Court's CM/ECF Electronic Case Filing System which should send a Notification (NEF) to the following counsel of record: Robert L. King, Esq., The King Law Firm, P.C., 1212 Bjerge Gade, P.O. Box 9768, St. Thomas, VI, 00801, rlking@attyking.com *(Attorneys for Plaintiff)*.

                                                      /s/Daryl C. Barnes