# EXHIBIT A

IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

MILLENTINE COATES,

            Plaintiff,

vs.

FORD MOTOR COMPANY and
XYZ CORPORATION,
            Defendant.

CASE NO.

ACTION FOR DAMAGES

JURY TRIAL DEMANDED

## COMPLAINT

### COUNT I

Plaintiff, by and through undersigned counsel, alleges a complaint as follows:

1. This Court has jurisdiction of this cause of action pursuant to 4 V.I.C. § 76 as amended, and 5 V.I.C. § 4903.

2. Plaintiff demands trial by jury of the within action.

3. Plaintiff, Millentine Coates, was at the time of this incident and all relevant times thereafter a resident of St. Thomas, U.S. Virgin Islands and the lawful purchaser and owner of a 2002 Ford Explorer VIN# 1FMZU73E72U54050.

4. Defendant, FORD MOTOR COMPLANY (hereinafter "Ford"), is a publicly traded corporation organized under the laws of the State of Delaware with The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801 as its registered agent. Ford's principle place of business is at One American Road, Dearborn, Michigan 48126.

*Coates v. Ford Motor Co. et al*
Complaint
Page 2 of 5

5. Defendant, XYZ Corporation (hereinafter "XYZ"), is a fictitious name for a real corporation, the identity of which is presently unknown, that manufactured and sold airbags to Ford for further installation in its 2002 Ford Explorer automobiles.

6. That Defendant Ford manufactures automobiles in the Ford name for distribution and sale throughout the world and operates through a series of distributorships and dealerships to furnish automobiles for sale to the consuming public, which includes those persons who are citizens and residents of the Virgin Islands, including the Plaintiff herein.

7. That Ford manufactures, distributes, and sells the automobile, which carries the model name Explorer that was purchased by Plaintiff.

8. That Ford manufactures and distributes to members of the public, including the Plaintiff, the Explorer in such a manner that the product is expected and does reach the consumer substantially without change in the condition in which it was manufactured when sold.

9. That Defendants Ford and XYZ have at all times material hereto, despite superior knowledge, actual or implied, failed to warn the consuming public of the lack of crash worthiness of the Explorer, and of the danger posed by this lack of crash worthiness.

10. That on September 22, 2016, Millentine Coates was properly operating her 2002 Ford Explorer (hereinafter the "Explorer") within the posted speed limit and traveling east on Weymouth Rhymer Highway in St. Thomas, Virgin Islands.

11. That as Plaintiff approached the top of Raphune Hill, the Explorer's front driver airbag exploded with extreme force resulting in the Explorer filling up with smoke, Plaintiff losing control of the Explorer and causing a crash (hereinafter the "Incident").

*Coates v. Ford Motor Co. et al*
Complaint
Page 3 of 5

12. Upon information and belief, at the time of the Incident, the Explorer and its components at issue in this action were in the same condition as they were at the time that they left the Defendant Manufacturers' control.

13. Ms. Coates required hospitalization for treatment of multiple injuries suffered to her knees, ankles, her legs, and back, and continues to undergo medical care and therapy for her injuries.

14. The injuries suffered by Ms. Coates were the direct and proximate result of the defective condition of the Explorer manufactured by the Defendant, and the defects and unsafe conditions created by its defective airbag.

15. Accordingly, as a result of the defective and unreasonably dangerous condition of the Explorer at the time of the Incident, on September 22, 2016, Millentine Coates has suffered severe and permanent injuries to her person, pain of the mind and body, loss of income and earning capacity, and has incurred and will continue to incur medical expenses all to her loss and damage.

16. That Defendants' failure to warn of the instability of the Explorer, its lack of crash worthiness, and other risks of which the Defendants were aware or which Defendants should have been aware, rendered the Explorer defective.

17. That as a direct and proximate result of Defendants' action or non-action, Defendants' are strictly liable to the Plaintiff for all damages suffered, past, present, and future.

## COUNT II

18. All allegations of Count I are incorporated herein by reference as if set forth at length.

*Coates v. Ford Motor Co. et al*
Complaint
Page 4 of 5

19. That the Defendants expressly and impliedly warranted, in manufacturing and/or selling the Ford Explorer that it was in a safe and reasonable condition, free of defects, and that purchasers, like Plaintiff, were free to rely upon the safety of its automobiles.

20. That the action or non-action of Defendants constitutes a breach of warranty for which the Defendants are strictly liable.

### COUNT III

21. All allegations of Counts I and II are incorporated herein by reference as if set forth at length.

22. That Defendants knew or should have known that the failure to give adequate warnings or to correct patent or known defects rendered the Explorer unreasonably dangerous to consumers.

23. That despite superior knowledge, direct or indirect, the Defendants negligently or intentionally failed to act in accord with the standards required of a reasonable manufacturer under like circumstances, all to the damage of the Plaintiff.

24. That as a direct and proximate result of the negligent or intentional acts or failure to act by the Defendants, Plaintiff has suffered severe and permanent injuries to her person, pain of the mind and body, loss of income and earning capacity, and has incurred and will continue to incur medical expenses all to her loss and damage.

### COUNT IV

25. All allegations of Counts I, II, and III are incorporated herein by reference as if set forth at length.

26. That Defendants contracted expressly or implied with Plaintiff to manufacture and sell a Ford Explorer that was safe and defect free.

*Coates v. Ford Motor Co. et al*
Complaint
Page 5 of 5

27. The Defendants, in manufacturing and selling the Explorer in a defective condition, such that when driven as intended the airbag would spontaneously deploy when there was no collision, breached its warranty and contract.

28. That as a direct and proximate result of the breach of Defendants, the Plaintiff suffered injury and damage heretofore described.

WHEREFORE, Plaintiff prays this Honorable Court grant judgment:

    a. Awarding Plaintiff compensatory damages in such amount as proven at trial;

    b. Awarding costs and attorney's fees of this action;

Together with such other and further relief as to the Court may seem just, equitable, and proper.

DATED: 1/16/2018

ROBERT L. KING, ESQUIRE
THE KING LAW FIRM, P.C.
1212 Bjerge Gade, P.O. Box 9768
St. Thomas, Virgin Islands 00801
Tel. 340-776-1014 Fax. 340-774-5299
V.I. Bar No. 188
Attorney for Plaintiff