IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| MILLENTINE COATES, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Civil No. 2018-35 |
| | ) |
| FORD MOTOR COMPANY and XYZ CORPORATION, | ) |
| | ) |
|     Defendants. | ) |

**ATTORNEYS:**

**Robert L. King**
The King Law Firm, P.C.
St. Thomas, U.S.V.I.
    *For Millentine Coates,*

**Daryl C. Barnes**
**Paul R. Neil**
Barnes & Neil, LLP
Christiansted, U.S.V.I.
**Courtney M. King**
**Scott A. Richman**
**Jessica M. Kennedy**
McDonald Toole Wiggins P.A.
Orlando, FL
    *For Ford Motor Company.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of Ford Motor Company ("Ford") to dismiss all claims against it pursuant to Federal Rule of Civil Procedure 12(b)(2). A brief outline of the relevant procedural history is necessary before the Court can address Ford's motion to dismiss.

On March 12, 2018, Coates filed a complaint against Ford and XYZ Corporation in the Superior Court of the Virgin Islands. On June 6, 2018, Ford removed the action to this Court. On June 27, 2018, Ford moved to dismiss Coates's complaint for lack of personal jurisdiction. On June 28, 2018, Ford refiled its motion to dismiss. On August 20, 2018, Coates filed a motion to amend her complaint, which the Magistrate Judge granted. On September 20, 2018, Coates filed an amended complaint. Since then, Ford has filed a renewed motion to dismiss for want of personal jurisdiction. That renewed motion is directed at the amended complaint.

In light of that procedural history, as a threshold matter, the Court must determine which complaint in this matter is operative.

Federal Rule of Civil Procedure 15 ("Rule 15") governs the amendment of complaints. Rule 15, in relevant part, states:

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>
> (B) . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

Here, Coates moved for leave to file an amended complaint after Ford filed its motion to dismiss. The Magistrate Judge granted Coates's motion. On September 20, 2018, Coates filed her amended complaint. As such, the amended complaint was properly filed with leave of Court. Thus, as of September 20, 2018, the amended complaint became the operative complaint.

Where, as here, a defendant files a motion to dismiss and the plaintiff subsequently properly files an amended complaint, that subsequent pleading is operative and "render[s] moot [the] defendant['s] motion[] to dismiss." *See Merritt v. Fogel*, 349 Fed. App'x 742, 745 (3d Cir. 2009).

The premises considered, it is hereby

**ORDERED** that Ford's motions to dismiss, ECF No. 5 and ECF No. 6, are **MOOT**.

S\_____
**Curtis V. Gómez**
**District Judge**